UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITY OF NORTH LAS VEGAS,<br><br>                              Plaintiff,<br><br>       v.<br><br>MICHAEL C. DAVIS,<br><br>                              Defendant. | Case No. 2:13-cv-00156-MMD-NJK<br><br>ORDER<br><br>(Plaintiff's Motion to Remand<br>– dkt. no. 15) |

**I.    SUMMARY**

Before the Court is Plaintiff City of North Las Vegas' ("City") Motion to Remand to State Court.  For the reasons stated below, the Motion is granted.

**II.    MOTION TO REMAND**

On September 25, 2012, by way of a traffic stop, while driving his motorcycle, Defendant Michael Davis was stopped by Officer Feldman.  Officer Feldman issued Davis a citation for failing to abide by City's helmet law, NRS § 486.231.  On January 30, 2013, Davis was arraigned in Municipal Court for the City of North Las Vegas, case no. TR25000-12.

Mr. Davis proceeded to improvidently remove this action on January 30, 2013. 28 U.S.C. § 1441, the statute governing removal of actions to federal court, allows for "any *civil* action brought in a State court . . ." to be removed to federal district court.  It plainly does not allow for removal of *criminal* cases.  Davis' case in Municipal Court regards a criminal infraction.  Despite Defendant's convoluted arguments to the contrary

contained in his Opposition Brief (dkt. no. 19), the case against Davis cannot be construed as a civil action. Accordingly, this case must be remanded to Municipal Court.

### III. ATTORNEYS' FEES AND COSTS

City also requests that the Court award it attorney fees and costs because Defendant unreasonably removed this case.

28 U.S.C. §1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The statute "affords a great deal of flexibility to the district courts in fashioning" such awards. *Morgan Guaranty Trust v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). When there is an absence of any reasonable basis for the removal, an award of fees and costs is appropriate. *Children's Vill. v. Greenburgh Eleven Teachers' Union Fed'n of Teachers, Local 1532*, 867 F. Supp. 245, 248 (S.D.N.Y. 1994).

The Court agrees with City that there was no reasonable basis for removal here. As such, City is directed to submit a bill of costs within fourteen (14) days of this Order, as set forth in LR 54-1, and to file a motion for attorney fees within fourteen (14) days of this Order, as set forth in LR 54-16(a).

### IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (dkt. no. 15) is GRANTED.

The Clerk of the Court is HEREBY ORDERED to close this case.

Plaintiff should file a bill of costs and motion for attorney fees as described herein.

DATED THIS 15th day of April 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE