UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITY OF NORTH LAS VEGAS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL C. DAVIS,<br><br>　　　　　　　Defendant. | Case No. 2:13-cv-00156-MMD-NJK<br><br>ORDER<br><br>(Def.'s Motion for Reconsideration<br>– dkt. no. 23;<br>Plf.'s Motion for Attorney Fees<br>– dkt. no. 25) |

Before the Court are Defendant's Motion for Reconsideration (dkt. no. 23) and Plaintiff's Motion for Attorney Fees (dkt. no. 25).

**I.　BACKGROUND**

On September 25, 2012, while driving his motorcycle, Defendant Michael Davis was stopped by Officer Feldman. Officer Feldman issued Davis a citation for failing to abide by City's helmet law, NRS § 486.231. On January 30, 2013, Davis was arraigned in Municipal Court for the City of North Las Vegas, case no. TR25000-12.

Davis removed the case on January 30, 2013. The Court remanded on April 15, 2013, noting that Davis should not have removed his municipal court criminal proceeding to this Court. Davis now asks the Court to reconsider its decision. As described below, removal of criminal proceedings is allowed in certain narrow instances not applicable

here. Therefore, Davis' Motion is denied. Because Davis removed this case without any reasonable basis, the Court further determines that City is entitled to costs and fees associated with the improper removal.

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that

were not already raised in his original motion)). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

### B.   Discussion

Davis' Motion for Reconsideration argues that his case was properly removed under 28 U.S.C. § 1455. However, 28 U.S.C. § 1455 merely describes the procedural mechanism for removing criminal cases. It does not provide substantive grounds for removing criminal cases.

"Under narrow and limited circumstances, state-court criminal prosecutions may be removed to federal court." *Wash. v. Barela*, No. CV-13-3035-EFS, 2013 WL 1431655, at *2 (E.D. Wash. Apr. 9, 2013). "Any officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces subject to criminal prosecution may remove such an action if it arises from acts done under color of such office or status." *Id.* (citing 28 U.S.C. § 1442(a)). Davis' case does not fall under any of these statutory categories.

"Additionally, any criminal defendant may remove a criminal prosecution to federal court if he seeks to — and, because of state law, cannot — assert a defense to the prosecution based on federal laws protecting equal civil rights." *Barela*, 2013 WL 1431655, at *2 (citing 28 U.S.C. § 1443; *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006)). "A petition for such a removal must satisfy a two-part test: it must assert 1) as a defense to the prosecution, rights that are given to [the defendant] by explicit statutory enactment protecting equal racial civil rights, and 2) that such rights cannot be enforced because of a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* (citations and quotation marks omitted; brackets in original). Because Davis' case does not involve equal racial civil rights, he cannot remove his criminal case under 28 U.S.C. § 1443. Davis essentially

conceded this point in his Response to Plaintiff's Motion to Remand.  (*See* dkt. no. 19 at 9-10.)

Davis would have the Court read substantive rights of removal into the procedural statute, 28 U.S.C. § 1455.  He argues that the removal statute should be broadened for cases like his, where the municipal court criminal defendant simply will not get a fair proceeding in municipal or state district court.  However, such arguments are properly made to the legislature; this Court cannot create a right of removal where none exists.

### III.  ATTORNEY'S FEES AND COSTS

The Court's Order remanding the case held that City was entitled to attorney's fees and costs under 28 U.S.C. §1447(c).

28 U.S.C. §1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The statute "affords a great deal of flexibility to the district courts in fashioning" such awards. *Morgan Guaranty Trust v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). When there is an absence of any reasonable basis for the removal, an award of fees and costs is appropriate. *Children's Vill. v. Greenburgh Eleven Teachers' Union Fed'n of Teachers, Local 1532*, 867 F. Supp. 245, 248 (S.D.N.Y. 1994).

After reviewing City's Motion and Attorney Micah S. Echols' Affidavit, the Court determines that City should be awarded $173.20 in costs, as set forth in its Bill of Costs (dkt. no. 24), and $5,140.00 in attorney's fees.  Echols expended 40.70 hours on this case after its removal at $200 per hour.  Considering the factors listed in LR 54-16(b), the hourly rate charged is appropriate. However, the Court in its discretion will not compensate Echols for 15 hours spent on the motion to dismiss.  City and its counsel should have waited to expend resources on a motion to dismiss Davis' affirmative causes of action until after the Court decided the Motion to Remand.

///

///

4

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration (dkt. no. 23) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is awarded $173.20 in costs and $5,140.00 in attorney's fees.

DATED THIS 30th day of May 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE